UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN J. OSBORNE,             )
                              )
         Plaintiff,           )     3: 10-cv-00537-LRH-VPC
                              )
vs.                           )
                              )     **ORDER**
STATE OF NEVADA, *et al*,     )
                              )
         Defendants.          )
_____/

      Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, is pursing a civil rights action pursuant to 42 U.S.C. § 1983 (Docket #1-2, #1-3). This action was originally filed in the Seventh Judicial District Court, and was removed to this court by defendants on August 30, 2010. (Docket #1.) The Court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or law of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Screening of the Complaint**

Plaintiff originally named the State of Nevada, the Nevada Department of Corrections and Eldon K. McDaniel as defendants in this action. On September 9, 2010, plaintiff filed a notice of voluntary dismissal of the State of Nevada and the Nevada Department of Corrections. Accordingly, Eldon K. McDaniel is now the sole defendant in this action. Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

**A.     Defendants**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either:

1 personally participated in the alleged deprivation of constitutional rights; knew of the violations and
2 failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy
3 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional
4 violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828
5 F.2d 298, 303-04 (5th Cir. 1987); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although
6 federal pleading standards are broad, some facts must be alleged to support claims under Section
7 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).

8 In the present case, plaintiff alleges that defendant McDaniel has instituted a series of
9 policies and practices which impose atypical and significant burdens compared to other facilities in
10 the normal incidents of incarceration. Petitioner claims that these policies and practices violate the
11 First, Eighth and Fourteenth Amendments. The court finds that plaintiff has sufficiently alleged a
12 connection between defendant McDaniel and the claimed Constitutional violations.

13 **B.     Claims for relief**

14 Article III restricts federal courts to the resolution of cases and controversies. *Arizonans for*
15 *Official English v. Arizona*, 520 U.S. 43, 64, 117 S.Ct. 1055 (1997). That restriction requires that the
16 party invoking federal jurisdiction have standing-the "personal interest that must exist at the
17 commencement of the litigation." *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC),*
18 *Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693(2000) (internal quotation marks omitted). But it is not enough
19 that the requisite interest exist at the outset. The requirement that a claimant have "standing is an
20 essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v.*
21 *Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992). To qualify for standing, a claimant
22 must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the
23 defendant's challenged behavior; and likely to be redressed by a favorable ruling. *Lujan*, supra, at
24 560-561, 112 S.Ct. 2130.

25 In the present case, plaintiff presents a myriad of allegations regarding policies at Ely State
26 Prison. Plaintiff, however, does not allege that he has personally been injured by any of these
27 policies in any specific way. That is, he does not claim that, at any particular date, he has suffered
28 any concrete and actual injury as a result of the policies. The Court therefore concludes that plaintiff

1  has failed to allege that he has a personal interest in this litigation, and that he has thus failed to
2  allege a basis for standing.

3  **IT IS THEREFORE ORDERED** that the complaint is **DISMISSED** without prejudice for
4  plaintiff's failure to allege standing to support a basis of jurisdiction over this case.

5  **IT IS FURTHER ORDERED** that plaintiff is **GRANTED** thirty (30) days from the date of
6  service of this order within which to file a first amended complaint remedying the defects described
7  above. The first amended complaint shall bear the docket number of this case and shall be clearly
8  marked, "First Amended Complaint." The Clerk is directed to send plaintiff a form for filing a civil
9  rights complaint and the appropriate instructions.

10  **IT IS FURTHER ORDERED** that if plaintiff fails to timely file a first amended complaint,
11  this entire case will be dismissed for lack of federal jurisdiction.

12  **IT IS FURTHER ORDERED** that defendants' motion for an extension of time to respond
13  to the complaint is **GRANTED**. (Docket #4.)  No response is required at this time.

14  **IT IS FURTHER ORDERED** that plaintiff's motion for an order prohibiting retaliation by
15  defendant is **DENIED** as meritless. (Docket #11.)

16  **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants or, if an
17  appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or
18  other document submitted for consideration by the court. Plaintiff shall include with the original
19  paper submitted for filing a certificate stating the date that a true and correct copy of the document
20  was mailed to the defendants or counsel for defendants. If counsel has entered a notice of
21  appearance, the plaintiff shall direct service to the individual attorney named in the notice of
22  appearance, at the address stated therein. The Court may disregard any paper received by a district
23  judge or magistrate judge which has not been filed with the Clerk, and any paper received by a
24  district judge, magistrate judge or the Clerk which fails to include a certificate showing proper

25  DATED this 16th day of December, 2010.

26
27
28  _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE