UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN J. OSBORNE ) | |
| ) | |
| Plaintiff, ) | 3:10-cv-00537-LRH-VPC |
| v. ) | |
| ) | **ORDER** |
| STATE OF NEVADA, *et al.* ) | |
| ) | March 7, 2011 |
| Defendants. ) | |

Defendants filed a bill of costs ( #16) as the prevailing party and plaintiff, a *pro se* inmate, subsequently filed a motion to vacate bill of costs filed by defendants (#17). Defendants seek the $350 fee for filing the petition for removal of a state action to federal court (#16, p. 1). In his motion, plaintiff objects on the basis that he filed this action in state court, where he was granted *in forma pauperis* status, and the attorney general voluntarily removed the action to federal court, thus incurring the $350 fee (#17, p. 1).

While Federal Rule of Civil Procedure 54(d)(1) establishes a rebuttable presumption that the prevailing party will be awarded its taxable costs, it also vests discretion in the district court to refuse to do so. *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). A district court must specify its reasons for its refusal to award costs. *Id*. The following non-exhaustive list of reasons for denying costs have been approved by the Ninth Circuit: (1) the losing party's ability to pay; (2) misconduct by the prevailing party; (3) the chilling effect of imposing costs on future civil rights litigants; (4) whether the case presented close or difficult issues; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented an issue of national importance. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (citations omitted).

A prevailing party is entitled to recover costs even in the case of indigent prisoner litigants who have been granted leave to proceed *in forma pauperis*. *Monroe v. U.S. Marshals*, 101 F.3d 706, 1996 WL 665147 *2 (9th Cir. 1996). However, in such litigation as in other cases, consideration

of a plaintiff's limited resources is an appropriate reason for denial of costs.  *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593; *see also Tubbs v. Sacramento County Jail*, 258 F.R.D. 657, 661 (E.D. Cal. 2009).  Additionally, it is particularly important to consider the impact on future *pro se* inmate litigants asserting Section 1983 claims, as "imposing costs on losing civil rights plaintiffs of modest means may chill civil rights litigation."  *Stanley v. Univ. of S. Cal*., 178 F.3d 1069, 1079 (9th Cir. 1999); *see also Tubbs*, 258 F.R.D. at 661.

Here, the court notes that plaintiff has access to limited resources, demonstrated by the fact that he was granted *in forma pauperis* status by the state court and as explained in his motion (#17, p. 2).  Specifically, plaintiff states that he has "very limited resources" and that taxation of those resources would hinder his ability to "supply himself with the basic needs and neccessities [sic]."  *Id.* at 2.  Based on such limited resources and the possibility that the imposition of the award would have a chilling effect on future *pro se* civil rights litigants, an award of costs against plaintiff would be inequitable.  Further, given that this litigation did not proceed beyond the initial stages, there are no facts regarding the parties' conduct during litigation or the merits of the case that would weigh in favor of awarding defendants' bill of costs.

**IT IS THEREFORE ORDERED** that plaintiff's motion to vacate bill of costs (#17) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' bill of costs (#16) is **DENIED**.

**DATE:** March 7, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**